**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARJORIE BARTLEY,<br><br>               Plaintiff,<br><br>     v.<br><br>TRAVELERS, *et al.*,<br><br>              Defendants. | Civil Action No. 19-15322 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Lantana Insurance, Ltd.'s ("Lantana" or "Defendant"[1]) Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking to dismiss with prejudice Counts Two and Four of the Amended Complaint. (ECF No. 10.) Plaintiff Marjorie Bartley ("Plaintiff") did not file opposition to the Motion. The Court has considered Defendant's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion is granted.

### I. BACKGROUND

Plaintiff owns real property located at 40 Shore Acres Avenue in Monmouth County, New Jersey (the "Property"). (Am. Compl. ¶ 2, Ex. A to Notice of Removal, ECF No. 1-3.) On or about August 28, 2011, Hurricane Irene "caused massive damage, including storm water, flood[,] and

---

[1] Defendant The Standard Fire Insurance Company ("Standard Fire") answered the Amended Complaint on August 2, 2019. (Answer, ECF No. 6.) Standard Fire is erroneously identified as "Travelers" in the Amended Complaint. (*Id.* at 1; *see also* Notice of Removal, ECF No. 1.)

wind damage to [the] component parts and contents of" the Property (the "Hurricane Irene Loss"). (*Id.* ¶ 14.) At all relevant times, Plaintiff maintained a homeowner's insurance policy (the "2011 Policy") with Lantana[2] that "specifically provided coverage for the [Hurricane Irene Loss]." (*Id.* ¶ 16.) The 2011 Policy was effective December 31, 2010 through December 31, 2011. (2011 Policy *3,[3] Ex. A to Kang Decl. ECF No. 10-3.) Plaintiff notified Lantana of the Hurricane Irene Loss and filed a claim. (Am. Compl. ¶ 19.) Lantana sent an insurance adjuster to inspect the Property and assess the damage. (*Id.* ¶¶ 20–21.) Lantana ultimately paid Plaintiff a sum of $11,000.00 in compensation for the damage. (*Id.* ¶ 22.) On August 24, 2012, Lantana sent Plaintiff a letter rejecting Plaintiff's claim for additional compensation and stating that Lantana "determined this claim for any additional damage is not covered under the [2011 P]olicy." (Aug. 24, 2012 Letter, Ex. C to Kang Decl., ECF No. 10-5.) Plaintiff contends that Lantana or its authorized agents "advised [her] that the value of her covered loss under [the 2011 Policy] was significantly less than the true value of the damages and/or necessary repairs to the [Property] and/or other structures." (Am. Compl. ¶ 23.)

On or about October 29, 2012, Hurricane Sandy "caused massive damage, including storm water, flood[,] and wind damage to component parts and contents of" the Property (the "Hurricane Sandy Loss"). (*Id.* ¶ 39.) At all relevant times, Plaintiff maintained a homeowner's insurance policy (the "2012 Policy") with Lantana that "specifically provided coverage for the [Hurricane

---

[2] Lantana is incorrectly identified in the Amended Complaint as "Coastal Agents Alliance, LLC." (Ex. G to Declaration of Gene Y. Kang ("Kang Decl."), ECF No. 10-9.) On May 17, 2019, prior to removal, Lantana submitted a Stipulation and Consent Order as to Correct Party and Amending Caption. (Ex. H to Kang Decl., ECF No. 10-10.) The Stipulation was entered on May 22, 2019. (Ex. I to Kang Decl., ECF No. 10-11.)

[3] Hereinafter, all page numbers preceded by an asterisk refer to the page number listed in the ECF header at the top of the page.

2

Sandy Loss]." (*Id.* ¶ 41.) The 2012 Policy was effective December 31, 2011 through December 31, 2012. (2012 Policy *3, Ex. D to Kang Decl., ECF No. 10-6.) Plaintiff notified Lantana of the Hurricane Sandy Loss and filed a claim. (Am. Compl. ¶ 44.) Lantana sent an insurance adjuster to inspect the Property and assess the damage. (*Id.* ¶¶ 45–46.) Lantana "refused to pay [Plaintiff] any monies" for damages related to the Hurricane Sandy Loss. (*Id.* ¶ 47; *see also* Nov. 26, 2012 Letter, Ex. E to Kang Decl., ECF No. 10-7.)

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) that [it] is entitled to judgment as a matter of law." *United States ex rel. Salomon v. Wolff*, No. 17-5456, 2018 WL 3377170, at *5 (D.N.J. July 11, 2018) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

A party may assert the defense of failure to state a claim in a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(h)(2). "A motion for judgment on the pleadings based on a theory that the plaintiff failed to state a claim is reviewed under the same standards that apply to a motion to dismiss under Rule 12(b)(6)." *Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). "Like Rule 12(b)(6), Rule 12(c) requires the Court [to] 'accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.'" *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318, 324 (D.N.J. 1999) (quoting *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).)

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). The court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Id.* (citing *Twombly*, 550 U.S. at 555). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Although a court generally does not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Courts in this District have frequently considered insurance policies and denial letters when deciding motions to dismiss. *See, e.g., Brown v. State Farm Ins. Co.*, No. 14-2064, 2015 WL 1137850, at *4–5 (D.N.J. Mar. 13, 2015) (considering both the insurance policy and the insurer's denial letter on motion to dismiss and determining that the claim was barred by the statute of limitations); *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (considering

4

indisputably authentic insurance denial letter because plaintiff referenced denial of insurance benefits in the complaint).

### III.  DISCUSSION

Lantana argues that Plaintiff's claims against it are barred by the suit limitation provisions contained in the 2011 and 2012 Policies. (Moving Def.'s Br. 5, ECF No. 10-1.) "[A] limitations defense [may] be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

New Jersey imposes a six-year statute of limitations for contractual actions. N.J. Stat. Ann. § 2a:14-1. Similarly, a six-year statute of limitations ordinarily applies to insurance actions. *Snell v. W. Am. Ins. Co.*, No. 14-3985, 2017 WL 2225568, at *3 (D.N.J. May 22, 2017) (citing *Breen v. N.J. Mfrs. Indem. Ins. Co.*, 252 A.2d 49, 53 (N.J. Super. Ct. Law Div. 1969), *aff'd*, 263 A.2d 802 (N.J. Super. Ct. App. Div. 1970). It is well settled, however, that the terms of an insurance contract may shorten the statute of limitations period. *Gahnney v. State Farm Ins. Co.*, 56 F. Supp. 2d 491, 495 (D.N.J. 1999); *Biegalski v. Am. Bankers Ins. Co. of Fla.*, No. 14-6197, 2016 WL 1718101, at *4 (D.N.J. Apr. 29, 2016) ("[T]he parties to a contract may shorten the limitations period, and cannot then avail themselves of a longer limitations period."). A limitations period may be "tolled from the time the insured gives notice of loss until the time that the insurance company formally denies coverage." *Snell*, 2017 WL 2225568, at *4 (citing *Peloso v. Hartford Ins. Co.*, 267 A.2d 498, 501–02 (N.J. 1970)) (internal quotation omitted).

Here, the 2011 and 2012 Polices contain identical suit limitation language. Specifically, the Polices provide that "[n]o action can be brought against [Lantana] unless . . . the action is started within two years after the date of loss." (*See* 2011 Policy, Ex. A to Kang Decl. *20; 2012

Policy, Ex. D to Kang Decl. *20.) The Hurricane Irene Loss occurred on or about August 28, 2011; Plaintiff reported the loss to Lantana shortly thereafter. (Am. Compl. ¶¶ 14, 19.) On August 24, 2012, Lantana sent Plaintiff correspondence formally denying any further claims. (Aug. 24, 2012 Letter, Ex. C to Kang Decl.) Therefore, the two-year suit limitation provision as to the Hurricane Irene Loss began to run, at the latest, on August 24, 2012 and expired on or about August 24, 2014. Plaintiff did not file her initial complaint in state court until October 9, 2018. (*See* Ex. F to Kang Decl., ECF No. 10-8.) Plaintiff's claim against Lantana relating to the Hurricane Irene Loss is therefore time-barred.

The Hurricane Sandy Loss occurred on or about October 29, 2012; Plaintiff reported the loss to Lantana shortly thereafter. (Am. Compl. ¶¶ 39, 44.) On November 26, 2012, Lantana sent Plaintiff correspondence denying her claim. (Nov. 26, 2012 Letter, Ex. E to Kang Decl.) Therefore, the two-year suit limitation provision as to the Hurricane Sandy Loss began to run, at the latest, on November 26, 2012 and expired on or about November 26, 2014. Again, Plaintiff did not file the state court complaint until October 9, 2018. (*See* Ex. F to Kang Decl., ECF No. 10-8.) Plaintiff's claim against Lantana relating to the Hurricane Sandy Loss is therefore time-barred.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Fed. R. Civ. P. 15. A Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave to amend pleadings, however, is within the sound discretion of the District Court, and "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Burlington Coat Factory*, 114 F.3d at 1434. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) (internal quotations omitted)); *see also* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

6

PRACTICE ¶ 15.08[4] (2d ed. 1993). In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Burlington Coat Factory*, 114 F.3d at 1434.

Here, because Plaintiff's claims against Lantana are time-barred by the suit limitation provisions of the 2011 and 2012 Policies, the Court finds that any amendment as to Lantana would be futile. The Court, accordingly, dismisses Plaintiff's claims against Lantana with prejudice.

## IV. ORDER

For the reasons set forth above,

**IT IS** on this 27th day of April 2020, **ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 10) is **GRANTED**; and
2. Counts Two and Four of the Amended Complaint (ECF No. 1-3) are **DISMISSED** with prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**